Lenk, J.
Pursuant to the Court’s decision filed on March 15, 1994, defendant and counterclaimant Paul Giannino was awarded reasonable counsel fees and costs and was instructed to file an affidavit detailing such fees. An affidavit of Attorney H. Joseph Hameline dated April 1, 1994 was submitted to the court detailing such fees and costs, requesting the amount of $10,537.36. Counsel for plaintiff Wilson & Dee, Inc. (the “Company”) thereafter filed an objection to said fee request and asked for a hearing on the matter. The hearing was held on April 27, 1994; seven exhibits were accepted into evidence and the oral testimony of Attorney Michael F. Connolly (an associate of Mr. Hameline and trial counsel for Giannino) was taken.
This litigation began on January 31, 1991 when the Company sought a declaratory judgment that the Company was not required to pay monies otherwise due to Giannino under an April 2, 1990 contract and promis-soiy note. The Company took the position that the contract required Giannino to be financially responsible for payments under an automobile lease, that Giannino had not complied in this regard with the contract and that the Company’s consequent financial expenses in connection with such lease offset its obligations to Giannino under the promissory note. Giannino disagreed that the contract imposed financial responsibilities in connection with the automobile lease since, he claimed, the lease had not been assigned to him as the contract required. Giannino filed a counterclaim on February 25,1991 seeking moneys due under the promissory note. On May 22, 1991, the Company paid to Giannino the difference between the amount of money it owed under the promissory note and the amount which it deemed it was owed by Giannino on account of the automobile lease. The remainder ($7,790) was the ongoing subject of the dispute.
After trial, the court found in Giannino’s favor and awarded him $7,790 plus interest plus the reasonable counsel fees and costs of collection permitted him under the express terms of the promissory note. The Company’s objection to Giannino’s fee request rests on its argument that such request is unfair because it does not separate out the counsel fees and expenses relating to Giannino’s defense of the Company’s declaratory judgment action from Giannino’s counterclaim for monies owed under the promissory note. The Company’s objection is without merit.
Giannino’s counterclaim was one which plainly arose out of the same transaction or occurrence as the complaint. The facts which underlie the complaint and counterclaim are inexplicably intertwined and it is not feasible or reasonable to separate the reasonable fees and expenses relating to each. The costs incurred in *327 Giannino’s defense of the claims brought by the Company, which claims stood in the way of Giannino’s collection of the promissory note, were in fact expenses of the collection process and, thus, within the cost of collection provisions of the promissory note. Penny v. First National Bank of Boston, 385 Mass. 715, 723 (1982).
Taking into consideration the documentary evidence and oral testimony before the court, the nature of the case and issues presented, the time and labor required and expended, the result obtained, the experience, reputation and ability of the counsel involved, the usual price charged in the Greater Boston area for similar services, the amount requested — $10,537.36—falls within the range of reasonable fees and costs, notwithstanding the amount ultimately in controversy.
Accordingly, the Company is ordered to pay to Giannino the amount of $10,537.36.